**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50221 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00475-GHK-1 |
| v. | |
| AVEDIS DJEREDJIAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted February 4, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Avedis Djeredjian ("Defendant") appeals his convictions for conspiring to

violate the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2342, and

for structuring currency transactions to avoid reporting requirements in violation of

31 U.S.C. § 5324. Defendant complains that the district court improperly: (1)

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

denied his two motions for new trial, which claimed that the Government knowingly used perjured testimony in violation of *Napue v. Illinois*, 360 U.S. 264 (1959), and suppressed favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (2) denied his motion to suppress evidence purportedly seized outside the scope of a warrant. Defendant further contends that his CCTA conviction violates the Tenth Amendment because the CCTA attempts to criminalize the failure to pay state excise taxes, and the Government has no constitutional authority to enforce state tax law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

**1.** "We review for abuse of discretion a district court's denial of a motion for new trial." *United States v. Moses*, 496 F.3d 984, 987 (9th Cir. 2007); *see also United States v. Pelisamen*, 641 F.3d 399, 407 (9th Cir. 2011). "Factual determinations underlying the perjury ruling are reviewed for clear error; legal determinations are reviewed de novo." *United States v. Inzunza*, 638 F.3d 1006, 1020 (9th Cir. 2011). "A district court's denial of a new trial motion based on alleged *Brady* violations is reviewed de novo." *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir. 2001).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

The district court properly denied Defendant's motions for a new trial. "The district court should have granted a new trial if: (1) the prosecution actually presented false testimony; (2) the prosecution knew or should have known that the testimony was false; and (3) the false testimony was material to the outcome of the trial." *Pelisamen*, 641 F.3d at 407. Defendant failed to show that the testimony of cooperating Government witness Kirk Burton was actually false, or that the Government knew or should have known Burton perjured himself at trial. *See id.*

Defendant also failed to show that the Government suppressed favorable evidence that would have been material for impeachment purposes, rather than merely cumulative of other impeachment evidence. *See United States v. Kohring*, 637 F.3d 895, 908 (9th Cir. 2011). "To prevail on a *Brady* claim, the defendant must show that '(1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment.'" *Antonakeas*, 255 F.3d at 725 (quoting *Paradis v. Arave*, 130 F.3d 385, 392 (9th Cir. 1997)). Although the Government interpreted its *Brady* obligations too narrowly in failing to disclose evidence of Burton's cooperation with a separate investigation in the Eastern District of California, this evidence was immaterial given the ample impeachment evidence already introduced against Burton, as well as the extremely strong evidence of Defendant's guilt.

3

**2.**     The district court properly determined that the search of 823 1/2 East Colorado Street fell within the scope of the search warrant. "Whether a search is within the scope of a warrant is a question of law subject to de novo review. We review the district court's factual findings for clear error." *United States v. Hurd*, 499 F.3d 963, 965 (9th Cir. 2007) (internal citations omitted).

"To determine whether the search of a specific location is within the scope of a valid warrant, we look to the *Hitchcock* test: 'Whether a search exceeds the scope of a search warrant is an issue [the Court] determine[s] through an objective assessment of the circumstances surrounding the issuance of the warrant, the contents of the search warrant, and the circumstances of the search.'" *Hurd*, 499 F.3d at 966 (quoting *United States v. Hitchcock,* 286 F.3d 1064, 1071 (9th Cir. 2002)). A common sense reading of the warrant, the accompanying affidavit, and the circumstances of the search support the conclusion that 823 1/2 was included within the warrant's scope.

**3.**     Defendant failed to show that Congress exceeded its authority in passing the CCTA. "A challenge to the constitutionality of a statute is reviewed de novo." *United States v. Berry*, 683 F.3d 1015, 1020 (9th Cir. 2012).

"[I]f Congress acts under one of its enumerated powers, there can be no violation of the Tenth Amendment." *United States v. Jones*, 231 F.3d 508, 515 (9th

Cir. 2000). The CCTA was enacted to combat the effects of interstate cigarette trafficking, and Congress validly enacted the law pursuant to the powers delegated to it under the Commerce Clause. *See Gonzales v. Raich*, 545 U.S. 1, 16-17 (2005) (Congress "has the power to regulate activities that substantially affect interstate commerce.").

**AFFIRMED**.